IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUCILLE C. ZICKER, | ) |
|          Plaintiff, | ) |
| v. | ) No. 04 C 1527 |
| LISA M. CAPONIGRI, et al., | ) |
|          Defendants. | ) |

MEMORANDUM OPINION AND ORDER

On June 17, 2005 this Court entered an order of default against one of the two defendants in this action, Lisa Caponigri ("Caponigri"), whose counsel had apprised this Court of her intention to accept a default judgment. Before the scheduled prove-up hearing on damages, counsel for the 90-year-old victim of Caponigri's depredations, Lucille Zicker ("Zicker"), stated that Zicker planned to eschew any effort to establish the full extent of her damages because the strain of testimony would tax her fragile physical state. Accordingly Zicker's counsel instead submitted a comprehensive statement of the portion of those damages that were provable through financial documents whose authenticity and foundation had been the subject of a stipulation by Caponigri's counsel.

Those incontrovertible elements of Zicker's damages aggregate $223,710.42, to which the parties' stipulation as to prejudgment interest (most recently supplemented by a recalculation tendered by Zicker's counsel on September 23) adds

$25,937.58 for a total compensatory damages award of $249,648. Only one area of the award proposed by Zicker's counsel on her behalf is disputed by Caponigri's new counsel, Hall Adams, Esq.: the amount of any award of punitive damages ($1.25 million has been sought in the September 12 written submission tendered by Zicker's counsel).

This Court does not of course minimize the egregious nature of Caponigri's conduct--her grievous breaches of fiduciary obligations, accomplished by taking advantage of her family relationship and of a particularly vulnerable victim. Nor has any explanation been forthcoming as to what Caponigri did with her ill-gotten gains, so that she now claims poverty in her current affidavit (Ex. A to the September 20 filing by her counsel in response to Zicker's statement of damages):

> 4. I have no meaningful liquid assets, savings or checking accounts or IRA accounts, and own no marketable securities or real estate. My car is a leased Chevrolet van, on which I am behind on payments.
>
> 5. I am unemployed and have no income. For this reason, my daughter is unable to enroll in college this fall as planned.

Caponigri's counsel is correct in asserting that excessively Draconian awards of punitive damages against tortfeasors are not only constrained by constitutional considerations (see, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003)) but also, under Illinois law by considerations of a defendant's financial condition among numerous other factors (see, e.g., Deal

2

v. Byford, 127 Ill.2d 192, 204, 537 N.E.2d 267, 272 (1989) and cases cited there). Just a few months ago Lowe Excavating Co. v. Int'l Union of Operating Eng'rs Local 150, ___ Ill.App. ___, 832 N.E.2d 495 (2d Dist. 2005) addressed in careful detail the interaction between the Due Process Clause limitation on such damages and that imposed by Illinois common law.

This Court has taken all of the required factors into account (including not only the punishment for Caponigri's wrongful conduct but the importance of deterrence of like conduct on the part of other fiduciaries), as well as the fact that the amount of compensatory damages already referred to by no means renders Zicker whole, both in terms of her financial loss and in failing to take account of such obvious intangible harms as pain and suffering. Although the damages awarded her may not be recoverable from Caponigri now, absent any discovery that hidden assets may exist, the amount of the total award remains important for future purposes--it should be remembered that the award is nondischargeable in bankruptcy because it stems from "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" (11 U.S.C. §523(a)(4)).

Accordingly punitive damages are awarded in an amount approximately equal to one-half of the compensatory damages award, or $125,000. That results in a total award of judgment in favor of Zicker and against Caponigri in the sum of $374,648.

3

Because that constitutes a final judgment as to Caponigri, this Court expressly directs the entry of final judgment in that amount based on its express determination that there is no just reason for delay, even though this action remains pending against codefendant Alessandro Guerra (see National Metalcrafters v. McNeil, 784 F.2d 817, 821 (7th Cir. 1986)).

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date:   September 27, 2005

4